IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| James A. Griffin, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6:23-cv-5639-TMC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| T-Mobile, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff James A. Griffin, who is proceeding *pro se* and *in forma pauperis*, (ECF No. 7), filed this action against Defendant T-Mobile, asserting claims for, among other things, breach of contract and violations of his constitutional rights. (ECF Nos. 1, 16). The case was referred to a magistrate judge for all pretrial proceedings pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.). Thereafter, the magistrate judge issued an order advising Plaintiff of the necessary steps to bring his case into proper form. (ECF No. 6). When Plaintiff failed to provide the necessary documentation within the timeframe set forth in the order, the magistrate issued a second order granting Plaintiff additional time to bring his case into proper form. (ECF No. 10). Plaintiff subsequently filed an amended complaint and proposed summons form, (ECF Nos. 14, 16), prompting the magistrate judge to issue another proper form order as the submitted summons form was not properly completed, (ECF No. 17). In each order, the magistrate judge warned Plaintiff that his case may be dismissed if he failed to comply with the court's orders. (ECF Nos. 6 at 2; 10 at 2; 17 at 2). Nevertheless, Plaintiff failed to submit a properly completed summons form.

Now pending before the court is the magistrate judge's Report and Recommendation, recommending the case be dismissed with prejudice for failure to comply with court orders *and*

1

for failure to state a claim for relief. (ECF No. 21). As to the latter, the magistrate judge determined that, in addition to being legally and factually frivolous, Plaintiff's claims are duplicative to those raised in another action, *Griffin v. T-Mobile*, Case No. 6:23-cv-04453-TMC (D.S.C.), which was dismissed with prejudice.[1] *Id*. at 4. The magistrate judge further provided Plaintiff "has become a prolific *pro se* filer by filing seven cases in less than six months—with one voluntarily dismissed, one recommended for dismissal for failure to state a claim, and four (counting this case) recommended for dismissal as frivolous." *Id*. at 6. Thus, he recommended the undersigned sanction Plaintiff $402.00 for filing this action, which he deemed frivolous. *Id*. at 6-7. Additionally, he recommended:

> that in the event the plaintiff attempts to file another action in this Court before payment of the sanction, the Clerk of Court be authorized to assign civil action numbers (for docket control purposes) so that the undersigned may (1) instruct the plaintiff to pay the sanction (and if the sanction is not paid, dismiss the action without prejudice and without issuance and service of process) or (2) certify that the action is not frivolous.

*Id*. at 7. Plaintiff filed objections to the Report, and this matter is ripe for review.

## STANDARD OF REVIEW

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report **to which a specific objection** is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C.

---

[1] Plaintiff filed this action the same day the magistrate judge issued a Report and Recommendation in *Griffin v. T-Mobile*, Case No. 6:23-cv-04453-TMC, dkt. entry 16 (D.S.C.), recommending that case be dismissed with prejudice.

2

§ 636(b)(1). Thus, "[t]o trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *Elijah*, 66 F.4th at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017); *see also Elijah*, 66 F.4th at 460 (noting that "[i]f a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983)).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing his pleadings and filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a *pro se* litigant, [the court] must also be mindful of [its] responsibility to construe *pro se* filings liberally"). Accordingly, "when reviewing *pro se* objections to a magistrate's recommendation, district courts must review *de novo* any articulated grounds to which the litigant appears to take issue." *Elijah*, 66 F.4th at 460-61. This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cnty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require

3

them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'" (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985))).

In his objections, Plaintiff does not dispute that he failed to supply the court with the requested information to bring his case into proper form, and he does not offer the requested information even now. (ECF No. 23). Rather, Plaintiff suggests that ignoring such court orders is not conduct that calls for the magistrate judge's recommended disposition of the case. *Id*. at 2-3. The court disagrees and overrules this objection.[2] *See, e.g., Samuel v. Little*, No. 4:22-cv-1968-TMC, 2023 WL 1463706, at *1 (D.S.C. Feb. 2, 2023). Moreover, to the extent Plaintiff objects on the basis that the magistrate judge's analysis and recommendation constitutes discriminatory conduct under the Americans with Disabilities Act, the court rejects the argument as wholly frivolous.[3] Notably, Plaintiff also does not dispute the magistrate judge's finding that his complaint fails to state a claim, which is an independent basis for dismissing his claims. Thus, Plaintiff's objections fail to identify any reason that would require this court to deviate from the magistrate judge's recommended disposition of Plaintiff's claims. As such, the court overrules Plaintiff's objections and dismisses Plaintiff's claims with prejudice.[4]

---

[2] On this issue, Plaintiff also cites to Rule 41 of the *South Carolina* Rules of Civil Procedure. (ECF No. 23 at 2). However, the Federal Rules of Civil Procedure govern this action. *See* Fed. R. Civ. P. 1 (stating that, absent exceptions not present here, "[t]hese rules govern the procedure in all civil actions and proceedings in the United States district courts").

[3] Further, while Plaintiff "does not believe the . . . report and recommendation reflects a neutral and impartial standing," of the magistrate judge, (ECF No. 23 at 5), upon reviewing the Report and the magistrate judge's multiple orders granting Plaintiff additional time to bring his case into proper form, the court concludes otherwise.

[4] Plaintiff also asks this court to grant him leave to file an amended complaint to "address any deficiencies in the initial filing." (ECF No. 23 at 2, 5). However, Plaintiff *has* filed an amended complaint, and his case is still subject to dismissal. Moreover, Plaintiff already raised many of

The court, however, declines to adopt the magistrate judge's recommendation that the undersigned sanction Plaintiff *in this instance*. In one of Plaintiff's earlier cases, the undersigned stated:

> Plaintiff is a repeat filer. Including this action, he has recently initiated seven actions in this court, to wit: *See Griffin v. Santander Consumer USA*, Case No. 6:23-cv-06366-TMC (recommended for dismissal); *Griffin v. T-Mobile*, Case No. 6:23-cv-04453-TMC (summarily dismissed for failure to comply with court orders and for failure to state a claim for relief); *Griffin v. State Farm*, Case No. 6:23-cv-04452-TMC (summarily dismissed for failure to comply with court orders and for failure to state a claim for relief); *Griffin v. State Farm*, Case No. 6:23-cv-5595, (Voluntary dismissal); *Griffin v. Greenville County School District*, Case No. 6:23-cv-5596, (Voluntary dismissal); *Griffin v. T-Mobile*, C/A No. 6:23-cv-5639 (recommended for dismissal and sanctions).
>
> This court has the authority to dismiss an in forma pauperis action if it is frivolous or malicious. A complaint may be dismissed as frivolous under 28 U.S.C. § 1915(d) if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, (1989). Plaintiff's meritless and vexatious filings result in the waste of valuable and limited judicial resources that could be utilized to address meritorious claims of litigants awaiting decisions by the court. The court has the inherent power to prevent such abusive practices to stop the filing of meritless and repetitive complaints. Accordingly, notice is hereby given to the Plaintiff that the continued filing of frivolous, abusive, or vexatious actions may result in the imposition of a requirement that filing fees be paid and/or the imposition of a pre-filing injunction and/or other sanctions as provided by law.

*Griffin v. First Progress*, Case No. 6:23-cv-4454-TMC, dkt. entry 22 (D.S.C. Feb. 29, 2024). That order was filed *after* Plaintiff initiated *this* case. Therefore, Plaintiff had not yet been placed on notice. Accordingly, the court declines to sanction Plaintiff herein; however, he shall be well advised to be mindful of such notice in any case he initiates moving forward.

## CONCLUSION

Having thoroughly reviewed the record, Report, and Plaintiff's objections under the appropriate standard, the court **ADOPTS IN PART** the magistrate judge's findings and

---

these claims in an earlier action, and those claims were dismissed *with prejudice*. *Griffin v. T-Mobile*, Case No. 6:23-cv-04453-TMC (D.S.C.).

5

recommendations in the Report, (ECF No. 21), which is incorporated herein by reference. Accordingly, this action is hereby **DISMISSED with prejudice**, without further leave to amend, and without issuance and service of process.

    **IT IS SO ORDERED.**

s/Timothy M. Cain<br>Chief United States District Judge

April 7, 2025
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.